IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01360-BNB

STEVE YANG,

    Applicant,

v.

LOU ARCHULETA (Warden), and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 1 9 2007

GREGORY C. LANGHAM
              CLERK

---

## ORDER OF DISMISSAL

---

Applicant Steve Yang is a prisoner in the custody of the Colorado Department of Corrections at the Arkansas Valley Correctional Facility at Crowley, Colorado.  Mr. Yang initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On July 6, 2007, Magistrate Judge Boyd N. Boland ordered Mr. Yang to show cause why the action should not be dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).  On September 10, 2007, Mr. Yang filed his response to the show cause order.

The Court must construe the application and the response to Magistrate Judge Boland's order to show cause liberally because Mr. Yang is representing himself.  *See* *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate.  *See* *Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will deny the application and dismiss the action.

Mr. Yang pled guilty in the Boulder County District Court to first degree sexual assault and second degree kidnapping and he was sentenced to a cumulative term of thirty-two years to life in prison.  Mr. Yang alleges that he did not file a direct appeal after the judgment of conviction was entered on April 25, 2000.  Mr. Yang does allege that he filed a postconviction motion in the trial court on November 6, 2000, challenging the validity of his conviction.  He further alleges that the proceedings relevant to the postconviction motion were pending in state court until June 19, 2006, when the Colorado Supreme Court denied his petition for writ of certiorari.  The Court received the instant action for filing on June 19, 2007.

As Magistrate Judge Boland noted in his order to show cause, the instant action is subject to the one-year limitation period in 28 U.S.C. § 2244(d).  That statute provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

>    (D)  the date on which the factual predicate of
>    the claim or claims presented could have been
>    discovered through the exercise of due
>    diligence.
>
>    (2)  The time during which a properly filed application for
>    State post-conviction or other collateral review with respect
>    to the pertinent judgment or claim is pending shall not be
>    counted toward any period of limitation under this
>    subsection.

28 U.S.C. § 2244(d).

Magistrate Judge Boland first determined that Mr. Yang's conviction became final on June 9, 2000, when the time for filing a direct appeal expired. Magistrate Judge Boland also determined that the one-year limitation period began to run on June 9, 2000, when Mr. Yang's conviction became final, because he does not allege that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claims at the time he was sentenced. Finally, Magistrate Judge Boland determined that the one-year limitation period expired before the instant action was filed. Magistrate Judge Boland reasoned that approximately five months of the one-year limitation period ran before Mr. Yang filed his postconviction motion in November 2000; that the one-year limitation period was tolled pursuant to § 2244(d)(2) while the state court postconviction proceedings were pending; that the one-year limitation period began to run again on June 19, 2006, when the state court postconviction proceedings concluded; and that the remaining seven months of the one-year limitation period expired before the instant action was filed on June 19, 2007.

3

Mr. Yang primarily argues in his response to Magistrate Judge Boland's show cause order that the one-year limitation period should be tolled for equitable reasons. The equitable tolling argument will be addressed below.

Mr. Yang also raises three other arguments in his response that are relevant to the one-year limitation period. He first contends that his sentence is illegal and that the one-year limitation period does not begin until a legal sentence is imposed. He also contends that his sentence did not become final until 120 days after he was sentenced. Both of these arguments lack merit. The one-year limitation period begins to run in accordance with the provisions of § 2244(d)(1), which generally means the date on which the judgment of conviction became final. As Magistrate Judge Boland correctly determined, Mr. Yang's conviction became final on June 9, 2000, when the forty-five-day period for filing a notice of appeal allowed by Rule 4(b) of the Colorado Appellate Rules expired.

Mr. Yang's third argument is that the one-year limitation period was tolled while his state court postconviction proceedings were pending until June 23, 2006, when the Colorado Court of Appeals issued its mandate, rather than June 19, 2006, when the Colorado Supreme Court denied his petition for certiorari. Even assuming the tolling continued until the date the mandate was issued, the instant action still is untimely unless Mr. Yang's argument for equitable tolling is successful.

Mr. Yang argues that equitable tolling is appropriate in this action because his first language is Hmong and English is his second language, he had an interpreter during the state court proceedings, his court-appointed attorney abandoned him after the conclusion of his postconviction appeal and failed to advise him of any time

4

requirements to file in federal court, he cannot understand the law without assistance from others, there is no written notification of the one-year limitation period in Hmong, he did not learn of the one-year limitation period until June 2007, and he has diligently pursued his remedies.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling would be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Simple excusable neglect is not sufficient to support equitable tolling. *See id*. Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Yang bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Most of the arguments Mr. Yang raises in support of equitable tolling relate to his alleged difficulty with the English language. In support of these arguments, Mr. Yang cites a case from the United States Court of Appeals for the Ninth Circuit. *See Mendoza v. Carey*, 449 F.3d 1065 (9th Cir. 2006). In *Mendoza*, the Ninth Circuit determined that a Spanish-speaking inmate without access to Spanish-language legal materials and an inability to obtain translation assistance might be able to demonstrate extraordinary circumstances that would justify equitable tolling of the one-year limitation

period. *Id*. at 1069.  The Ninth Circuit concluded "that a non-English speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the [one-year] time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." *Id*. at 1070.  In this circuit, unlike the Ninth Circuit, unfamiliarity with the English language does not justify equitable tolling. *See Gomez v. Leyba*, No. 07-1118, 2007 WL 1765536 (10th Cir. June 20, 2007) (citing *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999)).  Therefore, the Court finds that Mr. Yang's alleged difficulty with the English language does not justify equitable tolling of the one-year limitation period.

Finally, the fact that Mr. Yang's postconviction attorney did not advise him of the one-year limitation period does not justify equitable tolling because there is no federal constitutional right to postconviction representation. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987).  Therefore, the Court finds that equitable tolling is not appropriate in this action.  Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this _18_ day of _____Sept_____, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.   07-cv-01360-BNB

Steve Yang
Prisoner No. 104894
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034


I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on _9-19-07_


GREGORY C. LANGHAM, CLERK


By:_____
        Deputy Clerk